IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARION BELLAMY, # K-52382, )
a/k/a JOHN B. JAMES, SR., )
                                         )
            Plaintiff, )
                                         )
       vs.                                  )     Case No. 13-cv-1200-MJR
                                         )
NURSE BROOKS, WARDEN HODGE, )
and DOCTOR COE, )
                                         )
            Defendants. )

# **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

        Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a six-year sentence for aggravated battery. Plaintiff claims that Defendants have been deliberately indifferent to his serious medical condition, and have refused to separate him from inmates who have threatened his safety.

        According to the complaint, Plaintiff has a colostomy which has become prolapsed, causing a second loop of intestine to protrude out of his belly (Doc. 1, p. 5). This causes him constant pain, and he must wear a trash bag around his abdomen to manage his condition. This open wound has become worse by the day since Plaintiff arrived at Lawrence on September 25, 2013. Upon his arrival, he was evaluated by Defendants Brooks and Coe, and he asked them to house him in the infirmary because of his condition (Doc. 1, pp. 1-2, 5). They denied that request, but gave him a wheelchair permit and a low bunk/low gallery permit. The complaint and attached grievances indicate that Defendants Brooks and Coe have not provided

Plaintiff with any treatment that might relieve his pain. In addition, on November 5, 2013, Defendant Brooks denied him necessary medical attention in that she refused to change Plaintiff's colostomy bag, on the basis that he had refused an offer to change it several days before (Doc. 1, p. 11). Plaintiff explains that on that earlier date, he had not needed a change.

Because of his medical condition, Plaintiff has been "harassed and threatened" by other inmates, who do not want him to use the same shower facilities that they are required to use (Doc. 1, p. 5). These threats and arguments caused Plaintiff to fear for his safety. On September 29, 2013, he filed an emergency grievance requesting to be housed in the prison infirmary because his colostomy had protruded out further, and because of his fears that other inmates might carry out their threats to harm him (Doc. 1, pp. 5, 8-10). Defendants Brooks and Hodge denied this request. He also requested alternative housing in a single-man cell (Doc. 1, p. 12-13). At the time he filed the instant complaint, he was housed with other inmates in non-disciplinary segregation. Plaintiff claims that this celling arrangement puts him at risk of harm both from his deteriorating medical condition, and from possible assault by fellow inmates.

As relief, Plaintiff seeks only damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Brooks and Coe for deliberate indifference to his medical needs **(Count 1)**.

The Defendants' refusal to grant Plaintiff's request that he be housed in the

infirmary or in a single cell does not, in and of itself, violate a constitutional right. Prison officials may house inmates in any prison within the correctional system, or in any location within a prison, that they deem appropriate. *See DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (states may move inmates to any prison in the system) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)); *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison). As noted above, Plaintiff shall be allowed to proceed on his claim that Defendants Brooks and Coe were deliberately indifferent to his medical needs, and in that context, may pursue a theory that his condition required a different housing assignment.

However, the complaint fails to state a claim against Defendant Hodge. As the warden, Defendant Hodge is entitled to rely on the medical judgments of the prison doctor and/or nurse regarding what housing arrangements are medically necessary. *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (if a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands") (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). Further, Defendant Hodge cannot be liable for a medical provider's deliberate indifference merely because he is their supervisor. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Therefore, Plaintiff cannot proceed against Defendant Hodge on his claims for deliberate indifference to his medical needs in Count 1.

**Dismissal of Count 2 – Failure to Protect**

Plaintiff's allegations that Defendant Hodge has continued to house him together with other inmates, despite their threats to harm him, suggest a potential claim for deliberate

indifference to a risk that Plaintiff may be attacked. Fortunately, these threats have not been carried out, and Plaintiff has not actually suffered any bodily harm at the hands of other prisoners as a result of remaining in his current housing situation. He does not, therefore, have a claim for damages resulting from Defendant Hodge's refusal to move him to a single-man cell or other location away from the prisoners who have threatened him.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, in order for a plaintiff to succeed on a failure to protect claim for harm inflicted by another inmate, he must show he was incarcerated under conditions posing a substantial risk of serious harm, and the defendants acted or failed to act with "deliberate indifference" to that danger. *Farmer*, 511 U.S. at 834; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove prison officials were aware of a specific, impending and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Prior to *Farmer*, courts recognized that a prisoner need not wait until he is actually assaulted before he may obtain some relief. *Ramos v. Lamm*, 639 F.2d 559, 572 (10th Cir. 1980); *Woodhouse v. Com. of Va.*, 487 F.2d 889, 890 (4th Cir. 1973); *see also Benefield v. McDowall*, 241 F.3d 1267 (10th Cir. 2001). In *Farmer*, the Supreme Court indicated injunctive relief would be an appropriate remedy for a prisoner who received a credible threat of attack by another inmate. *Farmer v. Brennan*, 511 U.S. at 850-51 (district court on remand should address whether injunction would be appropriate based on evidence to be adduced regarding the likelihood of transsexual inmate's transfer to a setting where he could face greater threat).

In the instant complaint, Plaintiff has not requested any injunctive relief. Nor is it clear whether he has fully invoked the prison's available channels for requesting placement in protective custody or some other arrangement where he would be separated from the inmates who have threatened him. Accordingly, Count 2 against Defendant Hodge for failure to protect Plaintiff from potential harm from fellow inmates shall be dismissed without prejudice.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **HODGE** is **DISMISSED** from this action without prejudice.

As to the claims in **COUNT 1**, The Clerk of Court shall prepare for Defendants **BROOKS** and **COE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work

address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C.

§ 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2013**

s/ MICHAEL J. REAGAN
United States District Judge